# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF LOUISIANA
# LAFAYETTE-OPELOUSAS DIVISION

Mae Thompson Lee, et al.                    Civil Action No. 6:03-CV-1548

versus                                       Judge Tucker L. Melançon

Richard L. Stalder, et al.          Magistrate Judge Mildred E. Methvin

## MEMORANDUM RULING

Before the Court is plaintiff Mae Thompson Lee's Appeal [Rec. Doc. 196] of Magistrate Judge Mildred E. Methvin's Ruling [Rec. Doc. 190] granting plaintiff Clyde M. Lee's Motion to Intervene [Rec. Doc. 173] in the above-captioned case. For the following reasons, plaintiff Mae Thompson Lee's appeal will be denied and Magistrate Judge Methvin's ruling will be affirmed.

### I. Background

On August 15, 2003, plaintiff Mae Thompson Lee filed suit pursuant to Title 42 of the United States Code, Section 1983, against multiple defendants in connection with the death of her son, Gregory Lee, while he was an inmate incarcerated at South Louisiana Correctional Center and Elayn Hunt Correctional Center. On March 4, 2005, Clyde M. Lee, Gregory Lee's father, filed a Motion to Intervene [Rec. Doc. 173] as a plaintiff in the instant suit. The motion was unopposed by defendants, but plaintiff Mae Thompson Lee opposed the motion. United States Magistrate Judge Mildred E. Methvin entered a ruling on April 20, 2005, granting Clyde M. Lee's

motion to intervene [See Rec. Doc. 190]. Plaintiff Mae Thompson Lee now appeals the magistrate's ruling [See Rec. Doc. 196].

## II. Relevant Law

The denial of a motion to intervene is a non-dispositive motion. *See* 28 U.S.C. § 636(b)(1)(A). A magistrate judge may hear and determine any non-dispositive pretrial matter pending before a district court. 28 U.S.C. § 636(b)(1). Federal law affords a magistrate judge broad discretion in the resolution of such matters. *See* Fed. R. Civ. P. 72(a). In a non-dispositive matter, a district court will reverse a magistrate judge's ruling only if the party challenging the decision can demonstrate that the determination was clearly erroneous or contrary to the law. *Id.*; *see also Castillo v. Frank*, 70 F.3d 382, 385-86 (5th Cir.1995). The "clearly erroneous" standard requires that the court affirm the decision of the magistrate judge unless "on the entire evidence [the court] is left with a definite and firm conviction that a mistake has been committed." *United States v. United States Gypsum Co.*, 333 U.S. 364, 395 (1948); *see also* Fed.R.Civ.P. 72(a).

Federal Rule of Civil Procedure 24 provides:

"(a) Intervention of Right. Upon timely application anyone shall be permitted to intervene in an action: (1) when a statute of the United States confers an unconditional right to intervene; or (2) when the applicant claims an interest relating to the property or transaction which is the subject of the action and the applicant is so situated that the disposition of the action may as a practical

2

> matter impair or impede the applicant's ability to protect that interest, unless the applicant's interest is adequately represented by existing parties.
> (b) Permissive Intervention. Upon timely application anyone may be permitted to intervene in an action: (1) when a statute of the United States confers a conditional right to intervene; or (2) when an applicant's claim or defense and the main action have a question of law or fact in common...."

Rule 24 is liberally construed, and any doubts are resolved in favor of the proposed intervenor. *See United States v. Tex. E. Transmission Corp.*, 923 F.2d 410, 413 (5th Cir.1991). The decision to grant permissive intervention pursuant to Rule 24(b) "is wholly discretionary with the court." *New Orleans Public Service, Inc. v. United Gas Pipe Line Co.*, 732 F.2d 452, 470-71 (5th Cir.) (en banc) (*quoting* 7C C. Wright, A. Miller & M. Kane, Federal Practice and Procedure § 1913, at 376-77 (2d ed. 1986)).

### III. Analysis

Mae Thompson Lee argues on appeal that Magistrate Methvin failed to analyze properly the timeliness of Clyde Lee's motion to intervene. In deciding whether to grant intervention, a court should consider the issue of timeliness, and specifically whether allowing intervention will unduly delay or prejudice the adjudication of the rights of the original parties. Fed.R.Civ.P. 24(b); *Kneeland v. National Collegiate Athletic Ass'n*, 806 F.2d 1285 (5th Cir.1987).

The Fifth Circuit has determined that timeliness must be analyzed in light of the totality of the circumstances in the case. *Stallworth v. Monsanto Co.*, 558 F.2d

257, 263 (5th Cir.1977). *Stallworth* established four factors that are relevant to timeliness: (1) the length of time during which the would-be intervenor actually knew or reasonably should have known of his interest in the case before he petitioned for leave to intervene; (2) the extent of the prejudice that the existing parties to the litigation may suffer as a result of the would-be intervenor's failure to apply for intervention as soon as he actually knew or reasonably should have known of his interest in the case; (3) the extent of the prejudice that the would-be intervenor may suffer if his petition for leave to intervene is denied; and (4) the existence of unusual circumstances militating either for or against a determination that the application is timely. *Id.* at 264-66.

As made clear in *Stallworth*, timeliness is not determined solely by the length of time that passes before a motion to intervene is made. The second of the *Stallworth* factors requires consideration of the prejudice to the existing parties due to the movant's failure to intervene as soon as he knew of his interest in the case. Mae Thompson Lee has failed to show either in her original opposition to Mr. Lee's motion to intervene, or on appeal from Magistrate Methvin's ruling granting the intervention, that she would be or has been prejudiced in anyway by the intervention itself or by the minimal delay in the filing of the motion.

A consideration of the other *Stallworth* factors also does not lead this Court to

4

conclude that the motion to intervene was untimely. The crucial issues in this matter are whether Clyde M. Lee has a protectable interest in the instant lawsuit, whether that interest will be impaired or impeded if not allowed to intervene, and whether the interest is adequately represented by plaintiff Mae Thompson Lee. Magistrate Methvin correctly determined that Mr. Lee has a direct, legitimate interest in this suit that will be impaired if he is not allowed to intervene, and which cannot be adequately represented by Mrs. Lee. As such, the Court finds that Magistrate Methvin's ruling on this matter was neither contrary to law nor clearly erroneous, and accordingly Mae Thompson Lee's appeal of the ruling will be denied and the ruling granting Clyde M. Lee's motion to intervene affirmed.

*IV. Conclusion*

For the foregoing reasons, the Court will deny plaintiff Mae Thompson Lee's Appeal [Rec. Doc. 196] and affirm Magistrate Judge Methvin's ruling [Rec. Doc. 190] granting plaintiff Clyde M. Lee's motion to intervene [Rec. Doc. 173].